PAR: USAO#2020R00522

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 SEP 30  PM 3:07
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** GLR-20-0329 |
| v. | * | (Cyberstalking, 18 U.S.C. § 2261A(2)(B); |
| | * | Threats Transmitted By Interstate |
| **MICHAEL GHALI,** | * | Communication, 18 U.S.C. § 875(c); |
| | * | Forfeiture, 18 USC § 981(a)(1)(C) & 21 |
| | * | U.S.C. § 853(p); 28 USC § 2461(c)) |
| Defendant. | * | |

******

### INDICTMENT

### COUNT ONE
### (Cyberstalking)

The Grand Jury for the District of Maryland charges that:

From in or about June 2020, through in or about August 2020, in the District of Maryland and elsewhere, the defendant,

### MICHAEL GHALI,

did, in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in 18 U.S.C. § 2266, with the intent to harass and intimidate another person, use any interactive computer service and electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, including the internet, the mail, and the telephone, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to M.B.

18 U.S.C. § 2261A(2)(B)
18 U.S.C. § 2261(b)(6)

## COUNT TWO
### (Threats Transmitted By Interstate Communication)

The Grand Jury for the District of Maryland further charges that:

On or June 30, 2020, in the District of Maryland and elsewhere, the defendant,

**MICHAEL GHALI,**

knowingly and willfully did transmit in interstate and foreign commerce from the Commonwealth of Virginia to the State of Maryland, a communication, and the communication contained a threat to injure the person of another, that is, the defendant transmitted an electronic message to H.B., which threatened the lives of H.B's children and grandchildren.

18 U.S.C. § 875(c)

## FORFEITURE ALLEGATION

1. The allegations contained in Count Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 875, set forth in Count Two of the Indictment, the defendant,

**MICHAEL GHALI**,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to:

   1. A Microsoft Surface Pro Serial Number 025613453152;
   2. A Dell Laptop Model P30E;
   3. An ASUS Laptop Model Q524U;
   4. An Apple iPhone 7 IMEI 353 802 082 070 675;
   5. An Apple iPhone 7 IMEI 359 458 087 373 582; and
   6. A PNY USB Micro Storage Device 16GB (Thumbdrive).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been comingled with other property which cannot be subdivided without difficulty,

3

the United States of America shall be entitled to the forfeiture of substitute property.

18 U.S.C. § 982(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur/par*
Robert K. Hur
United States Attorney

9-30-20
Date