

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Paul Riley* | *Suite 400* | *DIRECT: 410-209-4959* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Paul.Riley@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

October 5, 2023

**BY ECF**

The Honorable George L. Russell III
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Michael Ghali*, Crim. No. GLR-20-329

Dear Judge Russell:

    I write on behalf of the Government in the above-referenced matter to request respectfully that the Court allow the detention hearing—currently scheduled for October 11, 2023 at 1:30 p.m. before Magistrate Judge Abelson—to occur at some point after the Defendant's scheduled guilty plea on October 12, 2023 at 9:30 a.m.

    Defendant consented to detention at his initial appearance and has been detained for nearly three years.  He has not yet had a detention hearing in this matter.  In an email exchange between defense counsel and Chambers in which counsel requested that the hearing occur after the Rule 11 proceeding, Chambers advised that the parties "will need to schedule the Detention Hearing before a USMJ prior to the Rule 11 proceeding."

    The parties have conferred and together respectfully request again that the Court permit the hearing to occur at some point after the Rule 11 proceeding.  The legal standard that applies to release or detention pre-conviction is different than the one that applies post-conviction.  *Compare* 18 U.S.C. § 3142(f), *with* 18 U.S.C. § 3143 ("[T]he judicial officer *shall order* that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, *be detained*, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).") (emphasis added).

    Moreover, if the detention hearing is held before the Rule 11 hearing, there is some likelihood that the Government or Defendant will take an appeal of any order of detention or release issued by the Magistrate Judge, so the detention issue may ultimately end up before Your Honor in any event.

    Finally, 18 U.S.C. § 3141(b) provides that, after a guilty plea, the district judge, has authority over release and detention.

Accordingly, for these reasons, the Government respectfully requests that the Court allow any detention hearing to be held after Defendant's guilty plea or that the Court address the issue of Defendant's release or detention immediately after his guilty plea.[1]

                              Respectfully submitted,

                              Erek L. Barron
                              United States Attorney

                              _/s/_____
                    By:   Paul A. Riley
                              Assistant United States Attorney

CC:  All counsel (by ECF)

---

[1] Given the length of Defendant's pre-trial detention, the parties also respectfully request an expedited sentencing in this matter.